IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

JOHN ESTERS                                                    PLAINTIFF

v.                                    No. 2:07CV00020 GH

SMURFIT STONE                                        DEFENDANT

**<u>ORDER</u>**

Pending before the Court is defendant's March 1st motion to dismiss or, alternatively, to transfer due to improper venue. Defendant states that while it is not disputing that venue is proper in this district, the case should either be refiled in or transferred to the Jonesboro Division as plaintiff worked at the Jonesboro plant, his last known address is Jonesboro, the events giving rise to this action occurred in Jonesboro, the overwhelming majority of the anticipated witnesses and current employees who reside there so such multi-hour travel to Helena might result in an adverse impact and undue burden on the Jonesboro plant, and the location of most of the records and documents will be at the Jonesboro plant.

On March 8th, plaintiff filed a response that dismissal would be inappropriate as venue is proper as acknowledged by defendant. He continues that he has stated sufficient facts to establish venue in the Eastern District of Arkansas and that defendant is well aware that plaintiff and defendant reside in this district so he objects to any dismissal and prays that the motion to dismiss and alternative motion to transfer be denied.

As defendant is not disputing that venue is proper in this district, the portion of the motion seeking dismissal will be denied.  The Court next turns to the alternate motion for transfer.

The case of Terra Intern., Inc. v. Mississippi Chemical Corp., 119 F.3d 688, 691 (8th Cir. 1997), provides the following framework:

> Section 1404(a) governs the ability of a federal district court to transfer a case to another district.  This provision reads: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a) (1994).  The statutory language reveals three general categories of factors that courts must consider when deciding a motion to transfer: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice. Id.

Plaintiff prays for the entire motion to be denied, but he did not address the specific factors cited by defendant except stating that he works in Jonesboro.  Needless to say, he did not controvert the numerous factors set out by defendant.

Therefore, it appears that plaintiff resides in Jonesboro, the defendant resides in Jonesboro, the location where the conduct occurred is Jonesboro, the records and documents are located in Jonesboro, the majority of witnesses are located in Jonesboro, requiring defendant's current employees to travel several hours to testify might have an adverse impact on the Jonesboro plant, and the costs to the parties would be more in Helena than Jonesboro.  The only factor weighing in favor of not transferring the case is that Helena is plaintiff's choice of forum and, except for that one factor, all other factors weigh in favor of transfer to the Jonesboro Division.

Accordingly, the portion of defendant's March 1st motion (#6) to dismiss is denied and the alternative portion of the March 1st (#6) motion to transfer this case to the Jonesboro Division is granted.

IT IS SO ORDERED this 9th day of March, 2007.

_____
UNITED STATES DISTRICT JUDGE